```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 17-CV-62290-SCOLA
                              MAGISTRATE JUDGE P. A. WHITE
```

ELPIDIO MEJIA CANTILLO,

    Plaintiff,

v.

DEA, et al.,

    Defendants.
_____/

**REPORT OF MAGISTRATE JUDGE**
**RE: AMENDED COMPLAINT (DE#14)**

**I. Introduction**

The Plaintiff filed this pro se civil rights complaint pursuant to 42 U.S.C. §1983 and, because he is suing a federal agent, Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).[1] Plaintiff is proceeding *in forma pauperis.*

This case is currently before the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. See 28 U.S.C. §636(b)(1)(B), (C); Fed.R.Civ.P. 72(b), S.D.Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

---

[1] In Bivens, the United States Supreme Court recognized for the first time an implied private action for damages against federal officers for violations of certain constitutional rights. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001). A Bivens action is the federal counterpart of an action under 42 U.S.C. §1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. Accordingly, the proper defendants in a Bivens claim are the federal officers who allegedly violated the plaintiff's constitutional rights, not the federal agency which employs the officers. FDIC v. Meyer, 510 U.S. 471, 485-86 (1994).

Plaintiff's original complaint named as Defendants, the United States Justice Department and DEA Agent Blow. (DE# 1:1). He alleged the following: He was arrested pursuant to a federal indictment and confined in Arubas Prison, where he waited for extradition to the United States. He had an accident in the prison which resulted in his hands breaking in several places. A doctor examined his hands and recommended surgery, which was set to take place on June 27, 2016 in the United States. He was subsequently transferred to three different facilities. After each transfer, a doctor examined his hands and recommended surgery, which never took place. He was most recently transferred to D. Ray James Correctional Institution and again examined by a doctor, who said too much time had passed and surgery was no longer possible. He has partially lost the ability to move his hands. (DE# 1, Exhibit A). Plaintiff sought a declaratory judgment directing prison doctors to provide him with medical treatment and monetary damages. (DE# 1:4).

The Undersigned issued a preliminary report which concluded that the Plaintiff had failed to alleged a valid deliberate indifference to serious medical need claim. Specifically, the report asserted:

> It is not clear from the facts alleged that Plaintiff suffered a serious medical need. However, even if the Court assumes that Plaintiff can establish he suffered from a serious medical condition, Plaintiff has not alleged, let alone identified, whom he requested medical treatment from, nor when he made the request. He identifies United States Justice Department and DEA Agent Blow as defendants, but does not mention either defendant in the facts alleged in support of his complaint. Plaintiff does not provide sufficient factual information to allow this claim to go forward. His legal conclusions regarding a denial of medical care, absent sufficient facts in support thereof, do not rise to the level of a constitutional violation. <u>Dotson v. Phillips</u>, 385 Fed.Appx. 468 (6th Ci

2

(DE# 6). The report recommended dismissing the complaint, but allowing the Plaintiff an opportunity to amend. (Id.).

The District Court issued an order adopting the report and directing the Plaintiff to file an amended complaint on or before February 15, 2018. The order specifically stated:

> The Plaintiff is advised that an amended complaint operates as a complete substitute, rather than a mere supplement to, the present complaint. Once the Plaintiff files an amended complaint, the original complaint will no longer serve any function in this case. Therefore, reference to the prior complaint or another document is unacceptable. The amended complaint must be clearly labeled "Amended Complaint" and must re-allege the claims against all defendants. For each separate allegation, the Amended Complaint should identify the specific defendant or defendants against whom the claim is brought, the constitutional or federal law the plaintiff contends was violated, explain how each defendant was involved in the denial of the Plaintiff's rights, and include the date on which the alleged conduct took place. The Plaintiff is warned that failure to file an amended complaint by the date set forth above will result in dismissal of this action.

(DE# 13).

This Cause is presently before the Court for screening of the Plaintiff's **Amended Complaint (DE#14),** pursuant to 28 U.S.C. §1915(e) and 28 U.S.C. §1915A.

## II. Standard of Review

The Prison Litigation Reform Act ("PLRA") requires that the court review "as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officers or employee of a governmental

3

entity." 28 U.S.C. §1915A(a). On review, the district court is required to "identify cognizable claim or dismiss the complaint, or any portion of the complaint," if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted; or, seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(A)(b)(1), (b)(2).

In essence, §1915(A) is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing the complaint, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Complaints that lack any arguable basis in law or fact, nonetheless, may be dismissed. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Neitzke, 490 U.S. at 327; when the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 31 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

Dismissals for failure to state a claim are governed by the same standard as Fed.R.Civ.P. 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)"). Thus, a court may dismiss a complaint if the facts as pleaded do not state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560-61, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)(abrogating Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Additionally, the court may dismiss a case when the allegations in the complaint on their

4

face demonstrate that an affirmative defense bars recovery of the claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir.2001).

The United States Supreme Court clarified the requirements of Section 12(b)(6) in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). A complaint need not contain detailed factual allegations. See Fed. R. Civ. P. 8(a)(2) (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). However, a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions; a "formulaic recitation of the elements of a cause of action will not do...." Twombly, 550 U.S. at 555. The allegations must rise above the speculative level and "state a claim to relief that is plausible on its face." Id. at 570.

This analysis requires a two-step inquiry. First, the court must identify the complaint's factual allegations, which are entitled to an assumption of truth, and identify and reject the legal conclusions to which no assumption of truth applies. Iqbal, 129 S.Ct. at 1949-50. Second, the court must determine whether these factual allegations, taken as true, plausibly suggest an entitlement to relief. Id. at 1950-51. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. If the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint is insufficient. Id.

In the context of a both Bivens and §1983, a plaintiff must establish (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged

deprivation was committed under color of state law. 42 U.S.C. 1983; Polk County v. Dodson, 454 U.S. 312 (1981); West v. Atkins, 487 U.S. 42, 48 (1988); Parratt v. Taylor, 451 U.S. 527 (1981) *overruled on other grounds by* Daniels v. Williams, 474 U.S.327 (1986); see also Butz v. Economou, 438 U.S. 478, 498-99 (1978) (analogizing Bivens claims to claims under Section 1983). Further, the plaintiff must establish proof of an affirmative causal connection between a defendant acting under color of state law and the constitutional deprivation alleged. Troupe v. Sarasota County, 419 F.3d 1160, 1165 (11th Cir. 2005).

### III.  **Facts Set Forth in the Amended Complaint-(DE#14)**

Plaintiff does not name any defendants in the caption, which provides "United States of America vs Elpidio Mejia Cantillo." (DE# 14:1). However, in the facts section, he identifies DEA Agent Adam Blow and D. Ray James Correctional Institution Dr. Thomas. (Id.).

Plaintiff alleges the following: DEA Agent Adam Blow violated his constitutional rights by canceling the Plaintiff's surgery in Aruba and transferring the Plaintiff to Florida. The surgery was scheduled for June 27, 2016 and the Plaintiff was transferred on June 30, 2016. While incarcerated in Florida, he was transferred to several different facilities. Although "they all agreed" that the Plaintiff needed surgery, he could not get surgery because of his repeated transfers. Dr. Thomas, at D. Ray James Correctional Institution, refused to provide medical assistance stating the injury to the Plaintiff's hands happened too long ago. (DE# 14:1).

The Plaintiff requests that this court allow his claims to go forward and appoint an attorney. (DE# 14:2).

## IV. Discussion

It is well settled law that federal courts must "look behind the label" of an inmate's *pro se* filings and determine whether there is any framework under which his claims might be cognizable. United States v. Nickson, 521 Fed.Appx. 867, 868 (11th Cir. 2013)(quoting, United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990).

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 290, 166 L.Ed.2d 798 (2007). "Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." Almand v. DeKalb County, Ga., 103 F.3d 1510, 1512 (11th Cir. 1997)(citation omitted).

Federal officials may be sued in their individual capacities for violations of an individual's constitutional rights. Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) ("Bivens").

### A. Deliberate Indifference Medical Care

Since Plaintiff has not been convicted at the time he allegedly required medical care, the Eighth Amendment has no application to this claim. Instead, the relevant constitutional provision is the due process clause of the Fourteenth Amendment. City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605 (1983). That clause "require[s] the responsible government or governmental agency to provide

medical care to persons...who have been injured while being apprehended by police." Id. at 245-46, 103 S.Ct. at 2983.

The Eleventh Circuit applies the "deliberate indifference" standard to claims of improper medical care to pretrial detainees like the Plaintiff here. See Aldridge v. Montgomery, 753 F.2d 970, 972 (11th Cir. 1985). To prove "deliberate indifference" to a serious medical need, a plaintiff must show "'(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence.'" Youmans v. Gagnon, 626 F.3d 557, 564 (11th Cir. 2010) (quoting Townsend v. Jefferson Cnty., 601 F.3d 1152, 1158 (11th Cir. 2010)(quoting Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005)).

"The best response to a serious medical need is not required by federal law in these cases." Id. Rather, it is a fact specific inquiry, dependent in large part on the nature of the suspect's injury. A plaintiff must also show that he was suffering from a "serious medical need," which is defined as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (citations omitted). See also Farmer v. Brennan, 511 U.S. 825, 934, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994) (holding that a serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm.").

It is not clear from the facts alleged that Plaintiff suffered a serious medical need. He makes one refers to an injury to his hands, providing even less information in the amended complaint than he did in the original complaint. However, even if the Court assumes that Plaintiff can establish he suffered from a serious

8

medical condition, Plaintiff has not alleged, let alone identified, whom he requested medical treatment from, nor when he made the request. He claims that Agent Blow prevented him from getting surgery in Aruba, but admits in the amended complaint that Agent Blow did not transfer him to Florida until three days after his surgery was scheduled. He also fails to explain why he did not immediately get medical attention, or who deprived him of same, when he first arrived at a correctional facility in Florida. His vague allegations against Dr. Thomas are insufficient to allow the claim to go forward.

In the amended complaint, Plaintiff does not provide sufficient factual information to allow this claim to go forward. His legal conclusions regarding a denial of medical care, absent sufficient facts in support thereof, do not rise to the level of a constitutional violation. <u>Dotson v. Phillips</u>, 385 Fed.Appx. 468 (6th Cir. 2010).

### V. <u>Conclusion</u>

Based on the foregoing, it is recommended as follows:

The deliberate indifference to serious medical need claim be dismissed as to all defendants, pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted and as frivolous due to the plaintiff's failure to provide a sufficient factual basis to support a deliberate indifference claim against any of the defendants.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo*

determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 26th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Elpidio Mejia Cantillo, Pro Se
     Reg. No. 26990-018
     D. Ray James
     Correctional Institution
     Inmate Mail/Parcels
     Post Office Box 2000
     Folkston, GA 31537